UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-00249-FDW-DCK

| JAMES ALLEN WALKER, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) ORDER |
| ROBERT L. WILKIE, Secretary of Veterans' Affairs, | ) |
| Defendant. | ) |

THIS MATTER is before the Court on Defendant's Motion to Dismiss for Failure to State a Claim. (Doc. No. 5). Defendant, through counsel, seeks dismissal of Plaintiff's claims under Fed. R. Civ. P. 12(b)(6). Defendant filed his motion on August 22, 2019, (Doc. No. 5), to which Plaintiff responded (Doc. No. 11). Because Plaintiff appears pro se in this matter, the Court issued a Roseboro Notice on October 18, 2019, granting him leave to supplement his initial response and to file a Sur-Reply by October 28, 2019. (Doc. No. 13). Plaintiff did not submit any additional pleading or argument beyond his initial response. For the reasons that follow, Defendant's Motion (Doc. No. 5) is GRANTED, and Plaintiff's claims are DISMISSED.

## I. BACKGROUND

Because this matter is before the Court on Defendant's 12(b)(6) motion, the Court construes the complaint in the light most favorable to Plaintiff. Plaintiff is a diabetic and has a documented medical history of this disability. (Doc. No. 1, p. 5). On April 5, 2018, Plaintiff sent a request for reasonable accommodation to his supervisor Trieste Nickelson ("Ms. Nickelson") via Plaintiff's Veterans Affairs ("VA") email. (Doc. No. 1, p. 5). This request was not processed

1

within 30 days (by May 5, 2018) as required by the VA Handbook. (Doc. No. 1, p. 5). On June 15, 2018, Plaintiff applied for leave under the Family Medical Leave Act ("FMLA"), and it was approved on September 25, 2018. (Doc. No. 1, p. 5). On September 20, 2018, Plaintiff was marked "AWOL" (Absent Without Leave) upon returning from lunch late. (Doc. No. 1, p. 8). On October 5, 2018, six months after Plaintiff's request for accommodation, Ms. Nickelson sent Plaintiff the Form VA 0857–Reasonable Accommodation Form via email. (Doc. No. 1, p. 5). Ms. Nickelson also sent Plaintiff an email questioning Plaintiff's need for snacks and extra break time on an unspecified date. (Doc. No. 1, p. 8). Plaintiff replied to Ms. Nickelson via email on October 9, 2018, stating he no longer had reason for an accommodation at that time due to his FMLA. (Doc. No. 1, p. 5).

On October 29, 2018, Plaintiff first met with an Equal Employment Opportunity ("EEO") counselor. (Doc. No. 1, p. 5). Plaintiff's EEO counseling ended on December 4, 2018, and Plaintiff received and electronically signed for a Notice of Right to File a Discrimination Complaint on December 5, 2018. (Doc. No. 1, p. 8). Plaintiff filed his formal complaint on December 28, 2018, 23 days later. (Doc. No. 1, p. 8). According to Plaintiff, On January 4, 2019, Ms. Nickelson attempted and failed to convince one of Plaintiff's coworkers to file a complaint against Plaintiff. (Doc. No. 1, p. 8). On February 11, 2019, Plaintiff received a Request for Additional Information allowing him to attempt to explain his tardiness in filing his formal complaint of discrimination. (Doc. No. 1, p. 8). Plaintiff replied on February 13, 2019, alleging he had had a "disoriented state of mind," which caused his late filing. (Doc. No. 1, p. 8).

On March 18, 2019, Plaintiff was sent a Notice of Final Agency Decision, informing

Plaintiff his complaints were dismissed pursuant to 29 C.F.R. § 1614.107(a)(2)[1] due to Plaintiff's late filings. (Doc. No. 1, p. 8). The EEOC declined to equitably toll the deadline for Plaintiff because Plaintiff had previously stated he "relied heavily on family members to assist [him]," and could have used that same assistance to file his paperwork on time. (Doc. No. 1, p. 8). Plaintiff filed this action on May 31, 2019. (Doc. No. 1, p. 1, 11). Plaintiff is still employed by the VA and does not claim the alleged harassment is ongoing. (Doc. No. 1, pp. 3, 4).

## II. STANDARD OF REVIEW

A pleading will survive an attack under Fed. R. Civ. P. 12(b)(6) if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 US. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A pleading states a claim for relief when it contains the following:

(1) A short and plain statement of the grounds for the court's jurisdiction;
(2) A short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) A demand for the relief sought.

Fed. R. Civ. P. 8(a).

Claims are plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. While "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," id., neither is a pleading required to state "detailed factual allegations." Twombly, 550 U.S. at 555.

A court asked to rule on a 12(b)(6) motion goes through a two-pronged approach set out in

---

[1] "Prior to a request for a hearing in a case, the agency shall dismiss an entire complaint [t]hat fails to comply with the applicable time limits contained in §§ 1614.105, 1614.106, and 1614.204(c), unless the agency extends the time limits in accordance with § 1614.604(c)." 29 C.F.R. § 1614.107(a)(2).

Twombly and Iqbal. First, the court examines the plaintiff's complaints, and discards any which are conclusory. Iqbal, 556 U.S. at 679. The court then assesses the remainder of the plaintiff's complaint, taking all remaining allegations as true, and determines "whether they plausibly give rise to an entitlement to relief." Id. at 678. Documents outside of the complaint may be considered under a 12(b)(6) motion only when the documents are "incorporated into the complaint by reference." Tellabs, Inc. v Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). In discrimination cases, this will include both a plaintiff's EEOC charge and a plaintiff's various EEOC notices, as a plaintiff would be unable to file his action without these documents. Muir v. Winston-Salem State University, NO. 1:11-cv-282, 2012 WL 683359, at *3 (M.D.N.C. Mar 2, 2012) (unpublished).

When examining a pleading put forth by a pro se plaintiff, "however inartfully pleaded," the court is required to liberally construe the document and hold it to "less stringent standards than formal pleadings drafted by lawyers." Erikson v. Pardus, 551 U.S. 89, 94 (2007). This leniency does not relieve the plaintiff of "the burden of alleging sufficient facts" on which to base a claim. Pickens v. JP Morgan Chase Bank, N.A., No. 5:14-cv-001660RLV-DSC, 2016 WL 2759726 at *3 (W.D.N.C. May 12, 2016).

### III. ANALYSIS

Plaintiff puts forth three claims in his pleading, and Defendant has moved to dismiss all three. The Court will discuss each of Plaintiff's claims and Defendant's arguments for its dismissal in turn.

#### A. Failure to Accommodate

Plaintiff's first claim is for "Failure to Reasonably Accommodate a Disability," based on

Defendant's failure to properly process Plaintiff's request for a disability accommodation within 30 days. Defendant moves to dismiss this claim based on four arguments: (1) Plaintiff cannot sue the VA under the ADA (Doc. No. 5-1, p. 6); (2) Plaintiff failed to timely exhaust his administrative remedies by withdrawing his request for accommodation (Doc. No. 5-1, p. 9); (3) Plaintiff failed to timely exhaust his administrative remedies by waiting longer than 15 days to file his formal administrative complaint (Doc. No. 5-1, p. 7); and (4) Plaintiff failed to timely exhaust his administrative remedies by waiting longer than 45 days before bringing his claim to an EEO counselor (Doc. No. 5-1, p. 10). Because the third and fourth arguments are dispositive to the case, the court will only address those arguments.

### 1. Failure to timely exhaust administrative remedies – filing a formal complaint within 15 days of receiving notice of right of file

A plaintiff is subject to a 15-day deadline to file a formal complaint after the EEOC counseling period has ended and a plaintiff receives notice of his right to file a complaint. 29 C.F.R. § 1614.107(a)(2). Failure to meet this deadline will bar the related claims from being raised in court due to the plaintiff's failure to timely exhaust his administrative remedies. Pueschel v. U.S., 369 F.3d 345, 352-53 (4th Cir. 2004). The time requirements act, in a way, like a statute of limitations on the claim. Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000) (citing Brown v. Angelone, 150 F.3d 370, 371, 372 (4th Cir. 1998)). Missing the deadline by even a single day can be enough to bar a plaintiff from continuing with their claim. Nesbit-Harris v Jackson, no 3:07-cv-696, 2008 WL 2329173 at *3 (June 3, 2008, E.D.Va); Vazquez-Rivera v. Figueroa, 759 F.3d 44, 48 (1st Cir., 2014).

The deadline, like all administrative deadlines, can be equitably tolled. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). Equitable tolling is rare, however, and should be

"applied only sparingly," Irwin v. Dep't of Veteran Affairs, 498 U.S. 89, 96 (1990), as "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 (1984).

There are two situations where equitable tolling is appropriate: where a plaintiff is prevented from filing due to wrongful conduct by the adverse party, and where a plaintiff is prevented from filing due to "extraordinary circumstances beyond plaintiff's control." Harris, 209 F.3d at 330. Extraordinary circumstances can include mental impairment, but a plaintiff is required to show both that the impairment "was 'so severe that the petitioner was unable personally to understand the need to timely file,' and 'made it impossible under the totality of the circumstances to meet the filing deadline despite petitioner's diligence.'" CVLR Performance Horses, Inc. v. Wynne, 792 F.3d 469, 477 (4th Cir. 2015) (quoting Forbess v. Franke, 749 F.3d 837, 840 (9th Cir. 2014)). Equitable tolling should only be used where enforcement of the deadline would be "unconscionable" and "gross injustice would result." Harris, 209 F.3d at 330.

In U.S. v. Sosa, a Fourth Circuit case discussing equitable tolling due to mental incapacity, the court accepted the possibility of equitable tolling due to a mental incapacity, but only in cases of "profound mental incapacity." 364 F.3d 507, 514 (4th Cir. 2004) (citing Grant v. McDonnel Douglas Corp., 163 F.3d 1136, 1138 (9th Cir. 1998) (the Court declines equitable tolling due to appellant's schizoaffective disorder and generalized anxiety disorder because equitable tolling is reserved for "exceptional circumstances, such as institutionalization or adjudged mental incompetence")). In a later case, the Fourth Circuit also dismissed an appellant's request for equitable tolling due to PTSD in a footnote. Ott v. Maryland Dep't of Pub. Safety and Correctional

Servs., 909 F.3d 655, 661 n.7 (4th Cir. 2018 (citing Sosa, 364 F.3d at 513) ("[appellant] alleges that her PTSD and anxiety prevented her from timely filing. To invoke tolling on these ground, she must show that she suffered from "profound mental incapacity. . . . She has not made this showing").

Other circuits have also examined whether mental incapacity can toll administrative deadlines and have found similar requirements. Nunnally v. MacCausland, 996 F.2d 1, 5-6 (1st Cir. 1993) (vacating summary judgment where plaintiff had "crippling and exceedingly disorientating" schizophrenia because it rendered her "unable to protect [her] legal rights" or function in society); Miller v. Runyon, 77 F.3d 189, 191-92 (7th Cir. 1996) ("mental illness tolls a statute of limitations only if the illness *in fact* prevents the sufferer from managing his affairs," but not where plaintiff "can work and attend to his affairs."); Smith-Haynie v. District of Colombia, 155 F.3d 575, 580 (Dist. D.C., 1998) (tolling requires plaintiff to be *non compos mentis*: "incapable of handling her own affairs or unable to function in society," plaintiff does not contest that meaning of time limit was unclear to her.); Boos v. Runyon, 201 F.3d 178, 185 (2nd Cir. 2000) (summary judgment affirmed where plaintiff had no "particularized description" of how her condition affected her ability to function); Barett v Principi, 363 F.3d 1316, 1321 (Fed. Cir, 2004) (equitable tolling requires plaintiff to be "incapable of rational thought or deliberate decision making," diagnosis or assertions will not suffice) (internal quotations omitted). The Sixth and Third circuit appear to be less strict than other circuits, but still require plaintiffs to clear a high bar. McSwain v. Davis, 287 Fed. Appx. 450, 456 (6th Cir. 2008) (plaintiff must demonstrate that mental incompetence affected his ability to file timely petition); Nara v. Frank, 264 F.3d 310, 320 (3rd Cir. 2001) (plaintiff's mental incompetence must have affected ability to timely file petition).

Other district courts within the Fourth Circuit have also investigated the issue, with similar outcomes. DiPaulo v. Potter, 733 F. Supp. 2d 666, 675-76 (denying equitable tolling due to the plaintiff suffering from depression, PTSD, and anxiety because the plaintiff was shown to have written multiple letters during time frame in attempt to pursue claim); Robinson v. Hinkle, 610 F. Supp. 2d 533, 541-43 (E.D. Va., '09) (finding evidence of Plaintiff's depression, PTSD, and medicine side effects only shows plaintiff had mental health issues, not profound ones, and that plaintiff was on medication can point to plaintiff no longer being profoundly incapacitated.); Nesbit-Harris, 2008 WL 2329173 at *4 (Fact that Plaintiff missed work due to anxiety and depression is not proof of profound mental incapacity).

Plaintiff clearly missed the 15-day deadline required by statute. Plaintiff was sent a notice of his right to file a formal complaint on Dec 4, 2018 and received it on Dec 5, 2018. (Doc. No. 1, p. 8). Plaintiff therefore would need to file his formal complaint by December 20, 2018, fifteen days later. Plaintiff did not file his formal complaint until December 28, 2018, eight days after the deadline. (Doc. No. 1, p. 8). Plaintiff does not allege Defendant in any way attempted to prevent Plaintiff from filing his complaint. Plaintiff's only recourse then is to show he was "profoundly mentally incapacitated" for the 15-day period. Sosa, 364 F.3d at 514.

Plaintiff alleges his heavy medication and PTSD episode prevented him from filing on time but does not allege facts that would show "profound" incapacity. Plaintiff appears to allege he is suffering from side effects from his medication but does not specify what medication or what side effects, just vague claims of a "disoriented state of mind." (Doc. No. 1, p. 9). What is more, the fact that Plaintiff is taking his medicine can be as much a sign of Plaintiff's mental stability as instability. Robinson, 610 F. Supp. 2d. at 540.

Plaintiff has plead no facts that show a connection between his "disoriented state of mind" and his failure to timely file his complaint, or to demonstrate how the disorientation is so profoundly incapacitating as to be equivalent to institutionalization or adjudicated incompetence. Plaintiff does not explain how he was accessing his work email, something he should not be able to do if profoundly incapacitated; nor does he explain why it took over a week after his recovery before he attempted to contact his EEO counselor. Plaintiff also does not explain why he was unable to rely on the assistance of his family—assistance Plaintiff told the EEOC he relies on regularly—to file correctly. Plaintiff has failed to plead circumstances that equate to a profound mental incapacity where Plaintiff is unable to function. Accordingly, this Court finds Plaintiff is not entitled to equitable tolling, and his claims are dismissed due to his failure to timely exhaust his administrative remedies.

### 2. Failure to timely exhaust administrative remedies – contacting EEO counselor within 45 days

In the alternative, Plaintiff is also barred from bringing his claim for Failure to Accommodate for additionally failing to timely exhaust his administrative remedies. A plaintiff who believes they have been discriminated against must consult an EEO counselor prior to filing a complaint and must initiate this contact within 45 days of the alleged discriminatory act. 29 C.F.R. 1614.105(a)(1). Failure to contact a counselor within the 45-day timeframe bars the claim from being brought in court due to the plaintiff's failure to timely exhaust their administrative remedies. Pueschel, 369 F.3d at 352-53. Here, Plaintiff alleges he first requested accommodation from his employer on April 5, 2018, and the employer had 30 days (until May 5, 2018) to process this request. Once these 30 days had passed and Plaintiff's employer had not processed his request, Plaintiff had 45 days to report this action to his EEO counselor, or by June 19, 2018. Plaintiff did

not initiate contact with an EEO counselor until October 29, 2018, four months and ten days late. Plaintiff makes no excuses for this delay and has not asked the court to equitably toll this deadline.

Because Plaintiff took longer than 45 days to report his employer's failure to accommodate to his EEO counselor and does not plead any extenuating circumstances warranting equitable tolling of the deadline, Plaintiff's claim for failure to accommodate his disability is barred for failing to timely exhaust his administrative remedies.

**B. Harassment**

Plaintiff alleges harassment based on seven events: (1) the sending of a harassing email by Ms. Nickelson on an unspecified date; (2) the failure of Ms. Nickelson to process Plaintiff's request for accommodation on May 5 (incorrectly marked as April 5 on Plaintiff's Notice of Right to File Complaint); (3) Ms. Nickelson marking Plaintiff "AWOL" on September 20, 2018; (4) Ms. Nickelson beginning to process Plaintiff's request for accommodation on October 5, 2018; (5) Ms. Nickelson informing Plaintiff of his accommodation request's approval on October 11, 2018; (6) Ms. Nickelson falsely assuming Plaintiff was no longer pursuing accommodation after using FMLA on October 19, 2018; and (7) Ms. Nickelson attempting and failing to convince one of Plaintiff's coworkers to file a complaint against Plaintiff on January 4, 2019. (Doc. No. 1, p. 8).

Defendant moves to dismiss Plaintiff's claims of harassment for three reasons: (1) Plaintiff may not sue the VA under the ADA, (Doc. No. 5-1, p. 6); (2) Plaintiff failed to timely exhaust his administrative remedies by failing to file a formal complaint within 15 days, (Doc. No. 5-1, p. 6); and (3) Plaintiff fails to state a claim on which relief can be granted as the actions alleged by Plaintiff are not so severe or pervasive so as to alter a term, condition, or privilege of employment. (Doc. No. 5-1, p. 12). The Defendant's second argument is discussed above and is sufficient to

dismiss Plaintiff's claim. In the alternative, Defendant's third argument is also dispositive.

### 1. Failure to allege facts sufficiently severe or pervasive.

To state a claim for a hostile work environment/harassment, a plaintiff must show:

(1) he is a qualified individual with a disability;
(2) he was subject to unwelcome harassment;
(3) the harassment was based on his disability;
(4) the harassment was sufficiently severe or pervasive to alter a term, condition, or privilege of employment; and
(5) some factual basis exists to impute liability for the harassment to the employer.

Fox v. General Motors, Corp., 247 F.3d 169, 177 (4th Cir. 2001).

Whether the alleged discriminatory conduct is sufficiently severe or pervasive is an objective measurement based on whether a reasonable employee would find the workplace hostile or abusive, and the court determines this based on the totality of the circumstances with an emphasis on the conduct's frequency, its severity, whether it is physically threatening or humiliating, and whether it unreasonably interferes with an employee's work performance. Harris v. Forklift Sys. Inc., 510 U.S. 17, 22, 23 (1993). A workplace must be "hostile or deeply repugnant" to be actionable, Hopkins v. Baltimore Gas & Elec. Co., 77 F.3d 745, 753 (4th Cir. 1996), while "isolated or genuinely trivial acts constitution ordinary adversities in the workplace are not actionable." Faragher v. City of Boca Raton, 524 U.S. 775, 778 (1998). See also Harris, 510 U.S. at 21 ("When the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the terms of the victims employment and create an abusive working environment, Title VII is violated") (internal quotations omitted); Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986) ("[M]ere utterance of an . . . epithet which engenders offensive feelings in an employee does not sufficiently affect the conditions of employment to implicate Title VII") (internal quotations omitted). The Supreme Court has

11

recognized that a hostile environment claim "involves repeated conduct" and "are based on the cumulative effect of individual acts." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 115 (2002).

Courts in the Fourth Circuit, like all circuits, have a plethora of cases to examine to determine what actions are considered "severe and pervasive." The Fourth Circuit has found that six months of flirtation and inappropriate comments were not objectively severe and pervasive, Singleton v. Dept. of Correctional Ed., 115 Fed. Appx. 119, 122 (4th Cir. 2004) (conduct is "more comparable to the kind of rude behavior, teasing, and offhand comments that we have held are not sufficiently severe and pervasive to constitute actionable sexual harassment"), nor were a series of 16 more severe incidences spread out over roughly ten years. Martin v. Merk & Co., Inc., 446 F. Supp. 2d 615, 627-2 (W.D. Va., '06) (While incidents included racial slurs and somewhat threatening behavior, the lengths of time between incidences prevent finding the workplace to be permeated "with discriminatory intimidation, ridicule, and insult."). On the other side, the Fourth Circuit has found conduct to be sufficiently severe and pervasive where a plaintiff was subjected to a year of daily inappropriate conduct, Hernandez v. Fairfax County, 719 Fed. Appx. 184, 187-88 (4th Cir. 2018) (Plaintiff stalked and subjected to unwanted flirtations daily for over a year found to be sufficient to survive summary judgment), and that inappropriate comments made multiple times a week over the course of a year is at the borderline of surviving summary judgment. Walker v. Mod-U-Kraf Homes, LLC, 775 F.3d 202, 207-210 (4th Cir. 2014) ("The totality of the record before us creates to close a question as to whether [defendant's] behavior created an objectively hostile or abusive environment to be decided on summary judgment.").

Plaintiff alleges seven events he claims constitute a hostile work environment over roughly

7 months (May 2018 to January 2019). However, four of these events relate not to Plaintiff being harassed, but to Defendant's failure to accommodate Plaintiff's disability. Even if failing to accommodate was a form of harassment, three of the events were an attempt to begin processing Plaintiff's accommodation, approving his accommodation, and then stopping the accommodation process at Plaintiff's request.[2] These actions all have either no effect on Plaintiff or a beneficial one. They cannot constitute harassment.

Plaintiff has three remaining actions he contends constitute harassment: an allegedly harassing email sent on an unspecified date, being marked AWOL on September 20, 2019, and the attempt to have a coworker file a complaint against Plaintiff. The event on September 20 should also be discarded, as Plaintiff does not deny being late from work, but rather alleges being marked late was harassment, since he would not have been late had his accommodation been processed. This leaves a single email, and a failed attempt at manipulating Plaintiff.

These events, taken as true and in the light most favorable to Plaintiff, are not sufficiently severe or pervasive to state a claim eligible for relief. The events are not severe as there is no inappropriate touching or even offensive language being used. The events are not frequent, with only two alleged events over several months. There was no threat to plaintiff, nor does plaintiff allege he was humiliated by the actions. Plaintiff makes no allegations his job performance was affected, or that he was even slightly rattled for a split second by the events. Looking at the totality of the circumstances, it does not appear that Plaintiff suffered in any way from these two events. Plaintiff does not allege that these events rattled him or affected his concentration, or had any

---

[2] Although Plaintiff's EEOC complaint alleges Ms. Nickelson "falsely assumed Plaintiff was not pursuing a reasonable accommodation," (Doc. No. 1, p. 8), Plaintiff's own pleadings show that he told Ms. Nickelson that he no longer needed the accommodation. (Doc. No. 1, p. 5)

13

effect whatsoever on him, mentally or physically. These events appear to be the "isolated or genuinely trivial acts" that Faragher tells us are not actionable and are comparable to the "rude behavior, teasing, and offhand comments" found to not constitute harassment in Singleton.

Because Plaintiff failed to allege events sufficiently severe or pervasive enough to state a claim for harassment, Plaintiff's charge of harassment is dismissed.

## C. Retaliation

Plaintiff's final claim is for retaliation. (Doc No. 1, p. 4). Defendant moves to dismiss on three separate grounds: (1) Plaintiff is unable to sue the VA under the ADA, (Doc. No. 5-1, p. 6); (2) Plaintiff's claim is barred due to failing to timely exhaust administrative remedies due to Plaintiff filing his formal complaint 8 days late, (Doc. No. 5-1, p. 6); and (3) Plaintiff has not alleged an adverse action as required to state a claim for retaliation. (Doc. No. 5-1, p. 10). As previously stated, Plaintiff's claim is barred due to his failure to timely exhaust his administrative remedies. In the alternative, Plaintiff's claim is also dismissed for failure to state an adverse act taken in retaliation against Plaintiff.

### 1. Failure to state an adverse action.

The Rehabilitation act adopts the ADA's anti-retaliation provision found in 29 U.S.C. § 12203.[3] 29 U.S.C. §791(f). To survive a 12(b)(6) motion, a plaintiff's retaliation claim must plead "(1) plaintiff engaged in protected activity, such as filing an EEO complaint; (2) the employer took adverse employment action against plaintiff; and (3) a causal connection existed between the protected activity and the adverse action." Hooven-Lewis v. Caldera, 249 F.3d 259, 272 (4th Cir. 2001). An adverse action is one which "a reasonable employee would have found . . . materially

---

[3] "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter." 29 U.S.C. §12203.

adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington N. & Santa Fe Ry v. White, 548 U.S. 53, 64, 68 (2006). To prevent plaintiffs from "double dipping," the adverse action in the retaliation claim cannot be the same adverse action which prompted the protected activity. White v. Buckeye Fire Equipment Company, No. 3:17-cv-404, 2018 WL 2304048, at *6 (W.D.N.C. May 21, 2018).

Plaintiff has twice engaged in protected activities: Once when he filed his request for reasonable accommodation on April 5, 2019, and once when he filed an EEO charge on Oct. 29, 2019. However, Plaintiff has failed to identify any adverse action suffered in retaliation for these events. Plaintiff attempts to claim having to file for FMLA or being marked AWOL from lunch are adverse actions, however these are the natural results of the failure to accommodate Plaintiff's disability, an action which cannot be the basis for his adverse action, as it is already his protected activity. Because Plaintiff fails to state an adverse action taken against him in retaliation for Plaintiff's protected actions, Plaintiff's retaliation claim is dismissed.

## IV. CONCLUSION

For the forgoing reasons, Defendant's motion (Doc. No. 5) is GRANTED, and Plaintiff's claims are DISMISSED.

IT IS SO ORDERED.

Signed: January 29, 2020

_____
Frank D. Whitney
Chief United States District Judge